IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| L.A.R., :<br>       Petitioner, :<br>v. :<br>Warden, STEWART DETENTION :<br>CENTER, *et al.*, :<br>       Respondents. : | Case No. 4:25-cv-490-CDL-AGH<br>28 U.S.C. § 2241 |

## **ORDER**

Based on the present record, the Court finds that Petitioner is not a class member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) because Petitioner was apprehended on arrival in the United States and the certified class is defined to include only noncitizens who "were not or will not be apprehended upon arrival." *Id.* at *9. The Court further finds that Petitioner is currently detained under 8 U.S.C. § 1226(a) and that Petitioner is not subject to mandatory detention. *See J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025); *P.R.S. v. Streeval*, No. 4:25-CV-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025). Accordingly, Petitioner's motion for habeas corpus relief is granted to the extent that Respondents shall provide Petitioner with a bond hearing to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. *See* 8 C.F.R. §§ 236.1 & 1236.1.[1]

---

[1] The brevity of this order is appropriate given that the issue presented is exactly the same as the issue previously decided on numerous occasions by the Court and yet Respondents insist upon denying the relief that the Court has found is required.

**IT IS SO ORDERED**, this 29th day of December, 2025.

                                              s/Clay D. Land
                                              CLAY D. LAND
                                              U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA